[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 04-13604

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00122-CV-J-99HTS

ELIZABETH T. LIGHT,

                                                    Plaintiff-Appellant,

        versus

VESTCOR COMPANIES, INC.,
Individually and as successor in interest
to Vestcor Equities, Inc.,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 22, 2005)**

Before EDMONDSON, Chief Judge, BIRCH and COX, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Elizabeth Light appeals the district court's denial of her motion for a new trial. She contends that the court abused its discretion in refusing to issue a supplemental jury instruction during deliberations. We affirm the district court's decision.

After being discharged by her employer, Defendant-Appellee Vestcor Companies, Inc. ("Vestcor"), Light sued Vestcor under the Florida Whistleblower's Act, seeking that statute's protection against retaliatory personnel action by employers toward employees who have "objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. Ann. § 448.102(3) (West 2002) (the "Act"). Light claimed protection under the Act by contending that her informing Vestcor's comptroller of an alleged illegal use of tenant security deposits constituted her "objecting to" that practice.

The case was tried by jury. Both sides agreed to a set of jury instructions, among which was an instruction on Light's Whistleblower claim. After about two hours the jury sent the trial judge a note asking him to clarify the meaning of "objected to" under the Act. The jury specifically asked if a "warning" constituted an "objection." When asked by the court for a recommendation on a response to the jury, Light's lawyer responded, "The only thing I would say, Your Honor, is,

2

in a neutral way, not giving an answer to their example, is that a warning is a sufficient -- is objection under the statute." The court declined to give a supplemental instruction and responded to the jury by referring it to the charge already given on the Whistleblower Act. The jury returned a verdict for Vestcor forty-five minutes later.

"We review the denial of a motion for a new trial for abuse of discretion." Middlebrooks v. Hillcrest Foods, Inc., 256 F.3d 1241, 1247 (11th Cir. 2001). "The extent and character of supplemental instructions are within the sound discretion of the trial court." United States v. Walther, 867 F.2d 1334, 1341 (11th Cir. 1989).

Light did not then, and does not now, argue that the Whistleblower instruction that was given was incorrect. At no time did Light object to the instruction. Instead Light argues that the district court, in response to the note from the jury, should have issued a supplemental instruction saying that a "warning" is -- as a matter of law -- an "objection" under the Act. We see no such obligation.

In declining to instruct the jury further about the meaning of the phrase, "objected to," the district court correctly noted that the statute does not define the phrase and that relevant case law -- while tending to allow for various

interpretations of the phrase -- does not give definitive guidance about the phrase's definition.  Under the circumstances, "[m]erely having the jury reconsider the correct instruction cannot constitute error, nor an abuse of discretion."  Walther, 867 F.2d at 1341.

**AFFIRMED.**